# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DEWAYNE LANE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) ) Civil Action No.: 2:13-cv-01255-VEH-JHE |
| WARDEN LEE POSEY DANIELS and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) ) |
| Respondents. | |

## MEMORANDUM OPINION

On August 11, 2016, the magistrate judge entered a Report and Recommendation, (doc. 13), recommending that this petition for writ of habeas corpus be dismissed. Petitioner Kevin Dewayne Lane filed objections to that report on August 23, 2016. (Doc. 16). The Court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Lane offers two objections to the Report and Recommendation.

**I. Objection 1**

Lane's first objection is a conclusory restatement of his belief he is entitled to relief under 28 USC § 2254(d)(1). (Doc. 16 at 1-2). Lane maintains he is entitled to relief because the evidence in the state court proceeding was insufficient to establish beyond a reasonable doubt his intent to kill his victim, Ronald Smith ("Ronald"). (*Id.*). The Report and Recommendation addresses this argument exactly as presented in Lane's objection. (*See* doc. 13 at 6-9). Lane offers no reason why the magistrate judge erred in his analysis; Lane simply disagrees with the conclusion. Lane's objection is **OVERRULED**.

**II. Objection 2**

Lane next objects the magistrate judge erred by stating the only issue presented by Lane's petition was the sufficiency of the evidence to establish Lane's guilt beyond a reasonable doubt on the issue of intent to kill. (Doc. 16 at 2). Instead, Lane argues he also raised a claim under 28 U.S.C. § 2254(d)(2): the state court made an "unreasonable determination of the facts." (*Id.*). In support of this argument, Lane refers the Court to his original petition, (doc. 1).[1] (Doc. 16 at 2).

The problem with this objection is threefold. First, the brief in support of Lane's original petition directly contradicts his objection by stating: "The sole issue in the writ is whether or not the State presented sufficient evidence to satisfy the Jackson v. Virginia, [sic] standard and to support a finding by the jury of an intentional killing." (Doc. 1-1 at 21). Second, Lane did not present sufficient factual allegations in his petition to raise a claim under § 2254(d)(2). Finally, even if the Court interpreted Lane's petition as contesting the facts cited in his objection, Lane has failed to show the record without those facts is insufficient to establish his intent to kill.

**A. No iteration of Lane's petition included sufficient factual allegations to raise a claim**

---

[1] Lane filed his original petition on July 5, 2013, and, following an order from the magistrate judge, an amended petition on September 3, 2013. (Docs. 1 & 7). The amended petition is the operative petition in this case, and any claims made in the original petition were lost if not made in the amended petition. *See Pintado v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir.2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal citation omitted)); *Walker v. United States*, No. 2:11-CV-04-WKW, 2013 WL 1917381 at *1 (M.D. Ala. May 8, 2013) (claims presented in original § 2255 petition not considered when not included in amended petition). Lane's objections attempt to reference a brief attached to the original petition in support of his argument. (Doc. 16 at 2). Lane's traverse attempts to incorporate a second document, substantially similar to the original petition's attached brief, which Lane filed alongside his amended petition and which was stricken by the magistrate judge. (Doc. 12 at ¶¶ 2-4). The Court is not convinced of the effectiveness of these attempts, but nevertheless will take those documents into account in ruling upon Lane's objections and will reference the brief from the original petition.

**under § 2254(d)(2).**

In presenting his or her petition, a habeas petitioner must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Borden v Allen, 646 F.3d 785, 810 (11th Cir. 2011) (holding that Section 2254 requires "fact pleading," and not merely "notice pleading"). The mere assertion of a ground for relief, without concomitant allegation of sufficient factual detail, does not satisfy either the petitioner's burden of proof under 28 U.S.C. § 2254(e)(1), which requires district courts to presume a state court's factual determinations are correct unless the habeas petitioner rebuts the presumption of correctness with clear and convincing evidence, or the requirements of Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*, which requires a state prisoner to "specify all the grounds for relief available to the petitioner," and to then "state the facts supporting each ground." Rule 2(c)(1) and (2), *Rules Governing Section 2254 Cases in the United States District Courts*. *See also* 28 U.S.C. § 2242 (stating that an application for writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention").

Here, Lane failed to provide any indication of which facts he believed to be unreasonably determined. Lane's amended petition identifies no particular facts at all in support of his claims; instead, Lane recounts the procedural history of the case in support of his first ground and offers a legal conclusion in support of his second ground. (Doc. 7 at 5 & 7). Lane's brief in support of his original petition does contain the words "unreasonable determination of the facts" in introducing his second ground for relief, but never specifically points out a fact he disputes. (Doc. 1-1 at 31). His argument under this ground essentially concedes the accuracy of facts found by the state court while arguing these facts are insufficient to prove his intent under *Jackson v. Virginia*, 443 U.S. 307 (1979).

(*See* doc. 1, 31-37). Lane's traverse references the § 2254(d)(2) standard but, again, does not identify any unreasonably determined fact, as noted by the magistrate judge. (Doc. 13 at 7 n.4). And Lane's objection further muddies the water by concluding with a recitation he is entitled to relief under § 2254(d)(2) because of a "misapplication of the federal and state law." (Doc. 16 at 2). Based on Lane's petition, amended petition, and traverse, the magistrate judge appropriately analyzed Lane's second ground as challenging the application of law to fact under § 2254(d)(1) rather than challenging particular determinations of fact under § 2254(d)(2).

**B. Lane has not shown that without the facts he disputes, the record contained an insufficient factual basis for finding his intent to kill.**

Even if the Court accepted Lane's petition had properly presented an argument under § 2254(d)(2) regarding the facts he disputes in his objection, his obligation does not end there. A state court's factual findings are presumed to be correct under § 2254(e)(1). *See* 28 U.S.C. 2254(e)(1); *Ward v. Hall*, 592 F.3d 1144, 1177 (11th Cir. 2010). For a writ to issue on the basis of "unreasonable determination of facts," a petitioner must rebut that presumption of correctness by clear and convincing evidence. *Ward*, 592 F.3d at 1155-56. Even if factual findings are rebutted, the "unreasonable determination of the facts" standard is implicated only to the extent the state court's ultimate decision is premised on unreasonable fact finding, and a petitioner is not entitled to relief unless he shows by clear and convincing evidence there is an insufficient factual basis in the record for affirming the state court's determination. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations

omitted).

Lane takes issue with two facts he alleges are part of the state court's findings: that Lane discovered the relationship between his former girlfriend Ebony and Ronald, and that Lane knew Ronald would be at Ebony's apartment on the day of the murder. (Doc. 16 at 2). Here, the Court need not assess whether the state court actually determined the disputed facts or whether Lane has rebutted the presumption the state court's findings were correct, because Lane has failed to prove the remainder of the evidence in the case provides an insufficient factual basis for concluding he intended to kill Ronald. Lane implies if the state court had not unreasonably found Lane knew about the relationship between Ebony and Ronald and Ronald would be at Ebony's apartment, his intent would not have been established. (Doc. 16 at 2). The problem for Lane is the record contains other evidence—undisputed by Lane—from which a trier of fact could have concluded intent. The Alabama Court of Criminal Appeals cited neither of the facts Lane disputes in its assessment of the sufficiency of the evidence to establish Lane's intent:

> Contrary to Lane's contention, there was sufficient evidence—circumstantial or otherwise—from which the jury could have concluded that he was guilty of the intentional murder of Ronald. Lane had expressed his intent to kill Ronald to Ebony approximately one month before Ronald's death. Lane came to Ebony's apartment armed with a pistol and entered without her permission. Once inside the apartment, Lane scuffled with Ronald, and both Lane and Ronald struggled over the gun. Evidence indicated that Ronald's gunshot wounds were not the exclusive result of his struggle with Lane. Instead, Lane shot Ronald a final time while Ronald was lying on the stairs.

(Doc. 10-4 at 6-7).

It is not enough to show the state court unreasonably determined particular facts; Lane must show the record without those facts is inadequate to conclude Lane intended to kill Ronald. This he

5

has not done.  Even if it would be a less compelling conclusion that Lane intended to kill Ronald without the two facts Lane cites, it would not be an objectively unreasonable conclusion for a fact finder to reach based on the record evidence Lane does not challenge.  That is the extent of the Court's inquiry: not whether the evidence could lend itself to a different conclusion, but whether the evidence could reasonably support the conclusion that was made.  Here it could support that conclusion, and Lane's objection is **OVERRULED**.

Accordingly, the Court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this Court.  The petition for writ of habeas corpus is due to be **DISMISSED**.  A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds Petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this 21st day of September, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge