UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DEWAYNE LANE, | ) |
| Petitioner, | ) |
| v. | ) |
| | ) Civil Action No.: 2:13-cv-01255-VEH-JHE |
| WARDEN LEE POSEY DANIELS and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 23, 2016, Plaintiff Kevin Dewayne Lane filed a motion to hold the instant habeas corpus proceeding in abeyance pending the resolution of his Rule 32 petition filed in state court, (doc. 14), and a motion to admit evidence from his Rule 32 petition to support his habeas petition, (doc. 15).  For the reasons stated below, the undersigned **DENIES** both motions.

**I. Procedural History**

On August 27, 2010, Lane was convicted, by jury verdict, of murder in the Circuit Court of Jefferson County, Alabama.  (Doc. 10-1 at 7).  He received a seventy-five year sentence.  (Doc. 7 at 2).  Lane appealed the conviction to the Alabama Court of Criminal Appeals, and, on May 11, 2012, the court affirmed the conviction on the merits, concluding there was sufficient evidence from which the jury could have concluded Lane was guilty of intentional murder.  (Doc. 10-4).  His petition for writ of certiorari to the Alabama Supreme Court was denied and the certificate of judgment was issued on August 10, 2012.  (Docs. 10-5, 10-6, & 10-7).  His judgment became final on November 8, 2012, the expiration of the 90 day period for petitioning the Supreme Court for a writ of certiorari.

Lane timely filed his habeas petition on June 25, 2013. (Doc. 1). Lane's initial petition was deficient, and the magistrate judge assigned to the case ordered him to amend the petition to conform to the requirements of the petition form on which it was presented. (Doc. 5). On August 30, 2013, Lane amended his petition, (doc. 7), asserting as his only claim for relief that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt on the intent required for murder. (Doc. 7 at 5 & 7; doc. 12).

Concurrently with his habeas case in federal court, Lane pursued a Rule 32 petition in the Circuit Court of Jefferson County, Alabama, challenging his conviction based upon ineffective assistance of counsel. *State v. Kevin Dewayne Lane*, 1-CC-2007-2680.61. He argued his attorney incorrectly informed him of the standard required to prove intent for murder and, by doing so, convinced Lane to reject a plea agreement. *Id.* On July 13, 2016, the state court denied Lane's Rule 32 petition, and Lane appealed. *See id.* That appeal is pending.

In this case, on August 11, 2016, the magistrate judge entered a report and recommendation that Lane's habeas petition be denied. (Doc. 13). On August 23, 2016, Lane filed objections to the report and recommendation, along with the two instant motions. (Docs. 14, 15, & 16).

## II. Analysis

As a preliminary matter, the Court construes Lane's motion as a motion to amend his petition to add the as-yet-unexhausted ineffective assistance of counsel claim and hold the habeas proceeding in abeyance pending the exhaustion of the ineffective assistance of counsel claim in state court. Because Lane's habeas petition contains only exhausted claims, a stay and abeyance of the case would not be available unless Lane were permitted to amend into the habeas petition the unexhausted ineffective assistance of counsel claim. *See Tejera v. McCollum*, No.

2

07-20227-CIV-MORENO, 2008 WL 4194882, at *3 (S.D. Fla. Sept. 12, 2008) (no basis to hold habeas petition containing only exhausted claims in abeyance to await future amendment of unexhausted claim). Accordingly, the undersigned focuses her analysis on the effect of an amendment to Lane's habeas petition.

### 1. Lane's Motion to Amend

Lane offers no explanation for his decision to pursue these grounds for relief simultaneously in parallel state and federal proceedings. He simply states he is seeking to hold his federal habeas petition in abeyance for statute of limitations purposes pending the appeal of his Rule 32 petition. (Doc. 14). Lane does not identify the impact that holding the federal case in abeyance would have on the timeliness of his ineffective assistance of counsel claim if raised in his habeas petition. As of the date of Lane's motion, nearly four years have elapsed since his conviction became final—well past the one year statute of limitations supplied by 28 U.S.C. § 2244(d)(1)(A).[1] In order for the new ineffective assistance of counsel claim to be timely presented in the instant petition, one of two things must be true: either the claim must relate back to the date of Lane's initial habeas petition, or the claim was filed within the statutory period and the statute of limitations tolled during the pendency of the state proceeding. In only the first case would Lane's amendment protect his claim from being barred by the statute of limitations, because in the second case his claim would not be time barred. Thus, the Court need not decide whether Lane's ineffective assistance of counsel claim would be timely; it must only decide whether an amendment adding that claim would relate back to

---

[1] For the purpose of this opinion, the Court assumes that the relevant date for statute of limitations purposes is the date on which Lane's conviction became final. Lane has not argued the presence of any circumstances under other subparts of § 2244(d)(1) that would give rise to a later date from which the limitation period would run, and applying a later date would not affect the Court's analysis.

the petition's filing date.

An amendment relates back to the original pleading's filing date when the claim asserted in the amendment arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). In habeas actions, the "conduct, transaction, or occurrence" relevant to an amended petition consists of the circumstances considered as part of the claim's dispositive questions, not the trial as a whole. *See Mayle v. Felix*, 545 U.S. 644, 659-664 (2005). An amendment to a habeas petition does not relate back when the new ground asserted is "supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Even when a potential habeas claim shares common facts with a claim alleged in the petition, relation back does not apply if the errors cited are different in type. *See, e.g., Crain v. Sec'y, Dep't of Corr.*, No. 8:12-CV-322-T-27EAJ, 2014 WL 6801805, at *3 (M.D. Fla. Dec. 2, 2014) (habeas claim based on counsel's alleged errors "different in type" from court's alleged errors even when theories shared a common fact); *Daniel v. United States,* No. 08-20702-CIV, 2010 WL 1796800, at *3 (S.D. Fla. May 3, 2010) (alleged error caused by defect in indictment "different in type" from alleged error in attorney failing to advise petitioner of defect in indictment).

In this case, it is clear that Lane's proposed amendment would not relate back to the date of the original petition because it is different in type from the claims in the petition. The facts that would support the conclusion that the state court misapplied the law in determining that the evidence was sufficient to support a conviction for intentional murder are distinct from those that would support the conclusion that Lane's attorney rendered ineffective assistance by convincing Lane to reject a plea agreement based on an incorrect assessment of the law. Lane makes no claim at all in his habeas petition about any action by his attorney. Similarly, the facts central to Lane's ineffective

4

assistance of counsel claim depend solely on the actions of Lane's attorney, not the actions of the court. Even if the claims shared common facts, the differences in type would render them different occurrences for the purpose of relation back.

Holding the instant proceeding in abeyance will have no effect on Lane's ineffective assistance of counsel claim as it relates to the statute of limitations. If it was filed before the limitation period ended and the state proceedings have tolled the statute, the claim will be timely whether or not an amendment is granted. If not, it cannot be saved by relation back. Lane's motion is **DENIED**.

### 2. Lane's Motion to Admit Evidence

Lane's other motion appears to be an attempt to admit the "remaining evidence" from his Rule 32 petition as evidence in his habeas proceeding. Lane does not articulate any reason why this evidence would be pertinent to his habeas claims, which have been fully briefed and which are ripe for decision. And because the Court denies Lane's motion to amend his petition to include the ineffective assistance of counsel claim, it is unnecessary for the Court to consider evidence to support that claim. Accordingly, that motion is **DENIED**.

### III. Conclusion

For the foregoing reasons, Lane's motions, (docs. 14 & 15), are **DENIED**.

**DONE** and **ORDERED** this the 21st day of September, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge